UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-21113-CIV-MORENO

GENERALI - U.S. BRANCH d/b/a THE GENERAL INSURANCE COMPANY OF TRIESTE & VENICE, as subrogees of COECLERICI AMERICAS REAL ESTATE, INC.,

    Plaintiff,

vs.

JEFFREY RANSDELL,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT JEFFREY RANSDELL'S MOTION TO DISMISS THE COMPLAINT

THIS CAUSE came before the Court upon Defendant Jeffrey Ransdell's Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and for Failure to Join an Indispensable Party and Incorporated Memorandum of Law **(D.E. No. 12)**, filed on **July 26, 2013**. Defendant Ransdell argues that the Court should dismiss the case for lack of subject matter jurisdiction as there is not complete diversity, positing that Coeclerici is a real party in interest and an indispensable party that, if joined, destroys diversity. THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

    **ADJUDGED** that the motion is GRANTED.

**I.    BACKGROUND**

The complaint alleges that Defendant Jeffrey Ransdell ("Ransdell"), a citizen of Florida, leased a condominium unit in Miami, Florida (the "Las Plazas unit") that was owned by Las Plazas

Investments, LLC, a Florida corporation.[1] The Las Plazas unit is located at Suite 5401, 900 Biscayne Boulevard, Miami, Florida. Coeclerici Americas Real Estate, Inc. ("Coeclerici"), a Florida corporation, is the owner of a condominium unit in the same building at Suite 5201 (the "Coeclerici unit"). Coeclerici insured its unit through a policy of insurance issued by Generali- U.S. Branch d/b/a the General Insurance Company of Trieste & Venice ("Generali"), a New York corporation.

On or about April 7, 2012, the complaint alleges that Ransdell lit a candle within the Las Plazas unit and placed it inside a wooden cabinet before going to bed. The burning candle allegedly ignited the wooden cabinet, thus triggering a fire suppression sprinkler head located within the Las Plazas unit. This resulted in the release of a large amount of water into the Coeclerici unit, causing damage to the Coeclerici unit. Generali paid its insured, Coeclerici, amounts in excess $104,284.19 for the damage. Based upon this payment, Generali alleges it is subrogated to Coeclerici to recover the money from Ransdell and Las Plazas.

The complaint sounds in two counts: breach of the declaration and negligence. Generali alleges that the Court has diversity jurisdiction because Generali, on the one hand, and Ransdell and Las Plazas, on the other hand, are citizens of different states.

## II.  DISCUSSION

Defendant Ransdell has moved to dismiss the complaint for lack of subject matter jurisdiction, arguing there is not complete diversity because the subrogor, Coeclerici, is a real party in interest and an indispensable party that, if joined, destroys diversity. Ransdell argues that Generali has improperly ignored the citizenship of Coeclerici, which must be included in the analysis because Generali, as subrogee, cannot allege that it paid the entire loss allegedly suffered by Coeclerici. Instead, Ransdell argues, Coeclerici paid a $10,000 deductible under the policy that constitutes an uncompensated loss

---

[1] Las Plazas Investments, LLC was originally a Defendant in this action. However, Plaintiff did not timely serve Las Plazas Investments and this Court accordingly dismissed the case against it.

for which Coeclerici could potentially seek recovery, rendering Coeclerici a real party in interest and an indispensable party.

Generali admits that Coeclerici is a real party in interest. However, Generali argues that being a real party in interest does not, *per se*, make a party indispensable. *See United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366 (1949); *AGSC Marine Ins. Co v. Spectrum Underground, Inc.*, 8:12-cv-474-T-30TGW, 2012 WL 2087441 (M.D. Fla. 2012)(holding that the insured is not an indispensable party to a federal court action brought by a partially subrogated insurer, especially when joinder would deprive the court of subject matter jurisdiction). Generali asserts that it has the right to proceed in this action in its own name without naming the insured.

The Court agrees with Ransdell's argument that the complaint must be dismissed for failure to join Coeclerici, a necessary and indispensable party whose presence destroys diversity. Because Coeclerici is a real party in interest who has an alleged uncompensated loss for which it could purportedly seek recovery against Ransdell, it would be inequitable for Ransdell to defend two possible suits concerning the same cause of action and risk inconsistent judgments. In *Travelers Indemnity Company v. Westinghouse Electric Corp.*, 429 F. 2d 77 (5th Cir. 1970), the Fifth Circuit affirmed a dismissal of a partial subrogee's complaint for failure to join the subrogor, who was determined to be an indispensable party under Rule 19 whose presence destroyed diversity. *See also Axis Ins. Co. v. Hall*, 287 F.R.D. 110 (D. Me. 2012)(finding an insured to be a necessary and indispensable party under Rule 19 because the insured had an uncompensated loss of a $5,000 deductible and dismissing the suit because joinder would destroy diversity).

The District of Maine thoroughly analyzed this issue in 2012 in *Axis Ins. Co.* The Court noted that *Aetna*, which is cited by Generali for the proposition that an insured with a deductible is a necessary but not indispensable party, has been superseded by the 1996 revisions to Rule 19(b). Now, Rule 19(b)

requires a pragmatic case-by-case assessment of whether the deductible-paying insured's absence requires dismissal. Relevant factors include whether the deductible-paying insured or the existing parties would be prejudiced by a judgment in the absence of the insured, whether that prejudice could be lessened in any way, whether a judgment without the insured would be adequate, and whether the insurer plaintiffs would have an adequate remedy if the action were dismissed. *Id.* at 114-15. The court in *Axis* dismissed an action containing an almost identical factual background to the one at present. The court pointed out that to allow the insurer to proceed in federal court would effectively preclude the insured from impleading the other real party in interest, as Rule 17(a) contemplates. *Id.* at 117.

Whether Coeclerici chooses to pursue its $10,000 deductible is something about which one can only speculate. Nevertheless, Coeclerici's uncompensated loss arising from the same cause of action as the instant dispute renders it a real party in interest and an indispensable party. Additionally, because the lawsuit is in its infancy, dismissing it would not cause any party prejudice. The parties will have their day in court–but it will be state court. Accordingly,

The Defendant's motion to dismiss is GRANTED, the case is DISMISSED, and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 13 day of September, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record